May it please the court. My name is Gordon Kalp and I represent the petitioner appellate in this matter, Herman Lee Hill. I'd like to reserve two minutes for rebuttal. Mr. Hill challenges the sufficiency of the evidence for his gang enhancement convictions under 186.22b1 on three grounds. First, the State Appellate Court's opinion that there was evidence to support a finding that the Nogolas Gangster Crips would benefit from an enhanced reputation for violence based on the robberies here was objectively unreasonable. There was no evidence that before, during, or after the commission of the robberies anybody invoked their gang affiliation, gang signs or symbols, or used gang monikers. There was no evidence that the gang later took credit for the robberies through gang graffiti or bragging. There was no evidence the victims or witnesses here even identified the defendants as possible gang members. There is no evidence even that the area where the robberies occurred was subject to a virtual monopoly of a single gang or of an alliance of gangs such that a reasonable inference could be drawn that the robberies here could be attributed to the Nogolas Gangster Crips. The courts require some evidentiary link to tie the robberies or the crimes to the gang. That is absent here. Courts have – the State Court's conclusion that the robberies would nonetheless benefit the gang by enhancing – specifically by enhancing its reputation for violence is objectively unreasonable where there's no evidence that the crimes would be attributed to the gang. That testimony that the expert gave in this case, that word would just filter out, was flatly rejected in People v. Alboron, and such speculation was also rejected in People v. Ramone. The second argument Petitioner brings to the insufficiency of evidence is that there's no rational juror could conclude that the Nogolas Gangster Crips here constituted a criminal street gang because there's no reliable evidence the gang or its members committed crimes enumerated in the statute. The prosecution here only offered the hearsay testimony of the expert to establish the fact of a murder conviction and mayhem conviction. In Gardley, the California Supreme Court specifically examined the sufficiency of expert testimony to determine the existence of a street gang and noted the jury there was instructed not to consider the expert testimony for the truth, but only as the basis for the opinion. The Court there also noted that abstracts of judgment were entered as evidence to establish the fact of the crimes and other certified court documents. Here, nothing in the record suggests that such reliable evidence was put before this jury. As such, no rational juror could rely on the unreliable hearsay testimony of an expert to establish the fact of the murder or the fact of the mayhem. What about Davis' testimony that he was earning a stripe? That testimony that he was earning a stripe is in the People v. Albilar, for example, there was expert testimony that when a gang member enhances their status, it benefits the gang. Here, there's no such expert testimony that the juror could rely on, that him enhancing his status in the gang would benefit the gang. Well, if he's earning a stripe, doesn't that give you an action or some kind of connection to the gang? I mean, isn't this gang-related activity? He thinks he's earning a stripe within the gang. Not where the State court's opinion is that the reputation for the gang, for enhanced violence, is going to benefit the gang. That was the State court's decision. The court did not say that this member, by enhancing his status, would somehow benefit the gang. There was no evidence in this case. It doesn't make it gang-related.  He's there to earn a stripe. He's required by one of the gang members to fire a shot, even though it's not intended to hit anybody, just as a way of demonstrating, sort of terrorizing the neighborhood. The expert testimony is allowed because it's beyond the layperson's experience and common knowledge. Here, without an expert testifying to the jury that this is how a gang can benefit, there's nothing for a juror to conclude that him earning a stripe would constitute a benefit to the gang. So that connection has not been made. Wait a minute. I mean, if earning a stripe is part of gang membership, why isn't that benefiting the gang? It may be, but there must be an expert testifying that such a benefit is given to the gang by that action. And here, that didn't happen. The expert didn't so testify. Why does that make any difference? I mean, can't a jury draw that inferentially? Well, I don't think you can have it both ways where an expert comes in because they have sufficient knowledge beyond the common experience of a juror, but then also say, well, absent the expert testimony, the juror could just come to the conclusion on their own. I mean, then they wouldn't need the expert to be testifying. Well, perhaps, but that doesn't necessarily mean that it's constitutionally infirm. In other words, you can make the arguments logically inconsistent, but I don't see anything inconsistent about an instruction that allows the jury to use its common experience and make inferences from the evidence. I mean, I guess I'm failing to understand your distinction on the stripe issue, Davis' testimony, where he says, I did it because I was in the gang and earning a stripe, and to say that that's not gang-related. My argument is a little bit different. It's that because an expert did not put that in before the jury that such a benefit would enhance the gang, the rational juror couldn't rely on something that wasn't there and just come to their own conclusion. You're not disputing that that's gang-related. You're just disputing that that's an enhancement? Yes, Your Honor. And I'd like to move on because I have several other points I really would like to make. It's not sufficient to be gang-related? Your Honor, if there was an expert, in this case, like there was in Avilar, to make that connection for the jury, then it may be sufficient. My argument is that that testimony was not here. There's two other grounds why the sufficiency of the evidence is not here. Counsel, if I could just have you clarify one point. To have the enhancement, does it have to just be gang-related, or does it have to be for the benefit of the gang? Because here you're saying that earning the stripe is related to a gang, but it doesn't accrue to the gang's benefit. To get the enhancement, what's the requirement? The requirement under the first prong of 186.22b1 is that the crime be committed for the benefit of, at the direction of, or in association with the gang. The courts have said that that is what gang-related means. If one of those is satisfied, then it is gang-related. I'd just like to remind this Court that the scope of review is of the State Appellate Court's findings, and the finding was that it would benefit the gang because of an enhanced reputation for violence. There's also insufficient evidence that would allow a juror to conclude that the Nogales Gangster Crips constituted a criminal street gang, as I already argued about the murder and mayhem convictions. Likewise, the robberies for which defendants were convicted here cannot form the basis of the gang's primary activities because they are not gang-related, as I already argued. Even if a juror could conclude, however, that murder and mayhem convictions occurred and that the robberies here were gang-related, it does not necessarily establish, as the Supreme Court said in St. Padice, that that was the gang's chief or principal occupation. Instead, it shows the occasional commission of a crime, which one murder, one mayhem conviction, and two robberies, we cannot see what this gang's chief or principal occupation was. There's a failure of evidence here such that no rational juror could conclude what the primary activities were. Also in St. Padice, the California Supreme Court there remanded the case back down to the trial court when the Court determined that it was the commission of crimes generally in the gang statute, and it directed it to say which crimes, which crimes were the gang's primary activities. Here, the establishment of four convictions alone would not be enough. Finally, how would you ever prove that under your theory? I mean, gangs don't have charters and purposes and bylaws to say what their primary purpose is. I'll be very quick, Your Honor, and then I'll reserve the rest of my time. When there is a gang and there's criminal activity being committed by the gang, there is a host of criminal convictions that can be brought in and entered into the record and judicial notice can be taken. And the expert can tie up the loose ends for the jury. I'm going to reserve the rest of my time. May it please the Court, Carrie Ritchie, appearing on behalf of Respondent in this case. Respondent requested this Court deny habeas relief for three reasons. First, the State court's determination that sufficient evidence to establish   the existence of gang-related crimes was not sufficient. Secondly, the elements of the gang enhancement was not objectively unreasonable. Second, the determination that the gang expert testimony and gang evidence was properly admitted was also not objectively unreasonable. And third, the State court's determination that the error in the jury instruction concerning predicate acts that was harmless was not objectively unreasonable. I'm going to focus on the first issue, the sufficiency of the evidence concerning the gang enhancement. On October 31st, the United States Supreme Court issued the opinion in Cavazos v. Smith, which laid out the well-established principles from Jackson and explained how these are to be applied at this stage of the proceeding. And a reviewing court may only set aside the judgment on the grounds of insufficiency of evidence if no rational trier of fact could have agreed with the jury. And a Federal court may overturn a State decision finding sufficient evidence to support a conviction only if the State court's decision was objectively unreasonable. And if evidence is sufficient to support a conviction, so long as after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime to be true beyond a reasonable doubt. So where in the record of this case is there testimony that the purpose of the robbery was to instill fear in the community? Well, the expert did testify that the robberies would enhance the Nogales Gangster Crips reputation for violence within the community and further I understand the testimony was to the effect, but is there anything in the record that says that the purpose of these robberies was to enhance the reputation? Well, the robbery is not I don't want to quibble with you, but I think you can see there's no direct evidence we have to get there inferentially. Correct. But any effort, any conflicting inferences in the testimony are to be resolved in favor of the prosecution and in favor of the judgment. That is what the jury's function is. I'm just asking what the record says. I'm not quibbling with you about the inferences. But I think you'd agree there's no direct evidence of this, of the purpose. Is that so? Or do you disagree with me? I disagree with that review of the record. My understanding and my review of the record was that the expert did testify that the robberies would enhance the Nogales Gangster Crips reputation for violence within the community and that it would intimidate, the robberies would intimidate other gang members and witnesses from reporting crimes. And that is, again, the inference is, if we want to call it an inference, the inference is further supported by the witnesses in this case who recanted their identifications of the defendant's involvement when they testified at trial. In addition, the gang was, or the crime was also committed in association with the Nogales Gangster Crips, which is another element that can be met to establish that this crime was gang-related. That, as was discussed, Davis testified that he committed the robbery to earn a strike within the gang, that he also felt pressure because of the gang hierarchy to commit this robbery, that Henry, the co-defendant, had more authority than Davis and that he did not feel that he could, say, not comply with the orders to commit the robberies. And furthermore, that the Davis fired off shots during both robberies when there was no evidence or no indication that there was any resistance from the victims. So that is sufficient evidence that the crime was committed in association with the gang and the state court's finding is not objectively unreasonable in that respect. Counsel, I've got a general question for you, and I don't know the answer to this, so help me out. I know what the standard is on Jackson, what a rational juror. Can they find something beyond a reasonable doubt? What I'm not sure of is, do we take jurors as starting with no knowledge, or could a rational juror know something about the crips without having an expert tell them? I have had cases with a lot of expert testimony concerning one gang or another. What I'm wondering, though, is does there have to be expert testimony to tell a juror the nature of a gang like the Crips in general, or specifically the Nogales Crips? Somebody could say, we're naming our gang the Seattle Crips, but they might not be the same Crips as the sort of California-type Crips that do this and that, the other thing. So does there have to be expert testimony, or can a rational juror have some knowledge about gangs? Jurors aren't expected to check their common sense when they take the oath to be a juror in a particular case. The expert is there to bolster and provide additional information to bolster the common knowledge and experience that jurors have when they enter into their service. And that's the gatekeeping function that the trial judge uses in even admitting and finding that the expert testimony is relevant and admissible, is whether it will ultimately help the jury decide an issue in the case, if that answers your question. Do you think that any time a gang member commits a robbery that the enhancement applies? No. No, not necessarily. It's a factual determination based on the totality of the circumstances of the crime. There doesn't need, as opposing counsel argued, that in this case there were no evidence of gang monikers or gang signs during the robbery, but that's not required for the gang enhancement to apply. There's a whole host of other evidence in this case that suggests that the crime, the robberies, were committed in association with the Nogales gangster crimes. Well, if you take away the expert testimony, aren't we left with the Davis testimony? Isn't that it? The, in terms of the gang evidence, I believe so. But again, we... So we have the Davis testimony that he was there to earn a stripe. Right? Correct. And... And then you have the expert testimony, and that's it. Correct. But we're, at this stage of the proceedings, we're to look at the totality of the evidence that the jury was presented with, and any, the evidence is to be viewed in the light most favorable. Right. I'm just asking what the evidence was. Yeah. There were also the evidence of the civilian witnesses that, as to just the specific facts about how the crimes occurred. But in terms of the gangs themselves and the gang involvement, I believe it was just Davis and the expert. And the expert's testimony really helped illuminate some of the underlying issues and motivations for committing the crime. Just briefly to touch on whether defendant committed this crime with the specific intent to aid members of the gang, in Albalar, the California Supreme Court stated that if sufficient evidence established that the defendant intended to and did commit the charged felonies with known members of a gang, then the jury may fairly infer that he was intending to, had the specific intent to promote further or assist criminal conduct by those gang members. Here, both the expert and Davis identified appellant in this case as a Nogales gangster crip. And not only did Davis identify him as a Nogales gangster crip, there was a third individual, Jesse Williams, who identified appellant as an active member of the gang, and he had also been seen with members of the gang. Davis received the gun used in the robberies while he was at appellant in Henry's house, and appellant drove Henry and Davis to these robberies, knowing that the robberies were going to be committed. In the first robbery, Davis testified he was in the store for approximately 30 minutes. There's other testimony that he was in there for about an hour browsing, and he didn't commit the robberies until after appellant and Henry entered the store. And then he committed the robbery, fired off the shot, and Henry and appellant left shortly thereafter. And unless the Court has further questions, Respondent would submit on the briefs in this case. Any further questions? No. Thank you. Thank you. Your Honors, there's no evidence here that can be inferred that Mr. Hill had the specific intent to further the criminal activity of gang members. Mr. Hill was not a gang member. Mr. Davis, at testimony, testified that although Mr. Hill was involved in the crime and that Henry Hill was a gang member, he specifically testified Herman Hill was not. The expert testimony relies on unreliable double hearsay. Davis said that he was a gang member. The same thing for Joe Williams. The other indicators to the gang expert that he was a gang member was that he was in the company of gang members. Well, she meant his brother and his brother-in-law. And the only other basis that the Court found that he was a gang member so that we can infer specific intent was the underlying robberies here. There's nothing in the evidence to say that to show that Herman Hill was present when Henry and Davis discussed Davis earning a stripe. So without evidence that he was a gang member, reliable evidence that he was a gang member, and without evidence that he was there for the conversation about Davis earning a stripe, no rational juror could infer specific intent. This is unlike the case in Albular where the defendants admitted gang membership and then actively assisted each other in the crime. Thank you very much. Thank you. The case, as heard, will be submitted for decision. Thank you both for your arguments.
judges: Thomas, Gould, Bybee